Shaw, C. J.
This case is decided by that of Case v. Gernsh, 15 Pick. 49. Any private and separate agreement, made by one of several creditors who are parties to a composition deed is a fraud on other parties, as well as an unwarrantable means of coercion, practised on the debtor, and is void. But this action is obnoxious to a further objection. The declaration is on the note; the note is released by the releasing clause in the assignment, and is so regarded by the terms of the separate paper, executed simultaneously with the plaintiff’s execution of the assignment. The plaintiff’s remedy, if he had any, was upon that paper; but for the reason already given, that promise to pay the amount which would remain due, after receiving a dividend under the assignment, was fraudulent and void. Ramsdell v. Edgarton, 8 Met. 227.
No objection was made to the trust assignment for creditors, made November 24th, 1842, that it was void by force of the statute of 1836, respecting assignments. Perhaps all the creditors were parties to it; but if otherwise, the plaintiff was a party to it; and if the effect of the statute was only to make such assignment void, as against creditors who might be injured by it, then in strict law, it was voidable only and not absolutely void, and the parties to it might be held to have *384 waived that exception. But there is a more decisive answer, which is, that if the assignment and the releasing clause were void by the statute, the paper signed by the defendant simultaneously with it and as part of the same transaction fell with it, and then there is no acknowledgment to take the cause of action, arising on the note, out of the operation of the statute of limitations. Exceptions overruled.